UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CLARENDA A. S.,[1]<br><br>　　Plaintiff,<br><br>　　v.<br><br>MARTIN O'MALLEY, Commissioner of Social Security Administration,<br><br>　　Defendant. | Case No. 1:24-cv-00127-DKG<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Plaintiff filed a Complaint for judicial review of the Commissioner's denial of her application for social security benefits. (Dkt. 1). The Court has reviewed the Complaint, the parties' memoranda, and the administrative record (AR), and for the reasons that follow, will remand the decision of the Commissioner for further proceedings.

---

[1] Partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

**MEMORANDUM DECISION AND ORDER - 1**

## BACKGROUND

On April 21, 2022, Plaintiff filed an application for disability insurance benefits under Title II of the Social Security Act. Plaintiff's application alleges disability beginning on September 30, 2008. The application was denied initially and on reconsideration.

A hearing was conducted on October 3, 2023, before Administrative Law Judge (ALJ) Tanya Dvarishkis. After considering testimony from Plaintiff and a vocational expert, the ALJ issued a decision on November 15, 2023, finding Plaintiff has not been under a disability through December 31, 2015, the date last insured.[2] (AR 17-26). The Appeals Council denied Plaintiff's request for review on January 12, 2024, making the ALJ's decision final. Plaintiff timely filed this action seeking judicial review of the ALJ's final decision. The Court has jurisdiction pursuant to 42 U.S.C. § 405(g).

At the time of the alleged onset date, Plaintiff was forty-three years of age, which is defined as a younger individual. However, Plaintiff changed age categories to closely approaching advanced age by the date last insured. 20 C.F.R. § 404.1564. Plaintiff has at least a high school education and has previous work experience as a loan officer. (AR 24). Plaintiff claims she is unable to work due to certain physical impairments including metastasized breast cancer stage 4, neuropathy of feet and legs, high blood pressure,

---

[2] Plaintiff's application for disability insurance benefits under Title II alleged disability beginning September 30, 2008. (AR 17). To be entitled to Title II disability insurance benefits, Plaintiff is required to establish disability on or before her date last insured of December 31, 2015. (AR 19); *see Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Accordingly, the relevant period for Plaintiff's Title II application was September 30, 2008, to December 31, 2015.

**MEMORANDUM DECISION AND ORDER - 2**

cholesterol issues, and spinal cancer. (AR 56).

## THE ALJ'S DECISION

Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ engages in a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. 20 C.F.R. § 404.1520; *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006) (discussing *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999)).

Here, at step one, the ALJ found through December 31, 2015, the date last insured, Plaintiff had engaged in substantial gainful activity during 2010. (AR 19); 20 C.F.R. §§ 404.1520(b) and 404.1571. However, the ALJ determined there had been a continuous 12-month period during which Plaintiff had not engaged in substantial gainful activity, and the remaining decision will address that period. (AR 19). At step two, the ALJ found Plaintiff had the following medically determinable, severe impairments: status post breast cancer with lumpectomy and chemotherapy resulting in peripheral neuropathy. (AR 19). The ALJ also found at step two, that Plaintiff's GERD, hypertension, and high cholesterol did not constitute severe medically determinable impairments. (AR 20). At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that meet or medically equals the criteria of an impairment listed in 20

**MEMORANDUM DECISION AND ORDER - 3**

C.F.R. Part 404, Subpart P, Appendix 1 ("Appendix 1"). 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526. (AR 20-21).

The ALJ next found Plaintiff retained the residual functional capacity (RFC) to perform light work, as defined in 20 C.F.R. § 404.1567(b), with the following additional limitations:

> [Claimant can] lift, carry, push, and pull ten pounds frequently and twenty pounds occasionally; stand or walk four hours total in an eight hour day and sit six hours total in an eight hour day; limited to not more than frequent operation of foot controls with the bilateral lower extremities; should never climb ladders, ropes, or scaffolds; can frequently climb ramps or stairs, stoop, kneel, crouch, or crawl; should have no exposure to unprotected heights, moving mechanical parts or other workplace hazards; no exposure to extreme cold, extreme heat, vibrations, or hazards; would need to alternate positions where standing and walking is limited to 30 minutes at a time and then would need to sit for at least five minutes before resuming standing and walking; sitting would be limited to 1 hour at a time then would need to stand to stretch at the work station for two minutes before resuming a seated position.

(AR 21).

Relying upon testimony from the vocational expert, the ALJ concluded at step four that Plaintiff would be able to perform her past relevant work as a loan officer, which is a skilled sedentary job that does not require the performance of work-related activities precluded by Plaintiff's RFC. (AR 24). The ALJ then found that in addition to Plaintiff's past relevant work, jobs existed in significant numbers in the national economy that Plaintiff can perform given her age, education, work experience, transferable skills, and RFC. Thus, the ALJ determined Plaintiff is not disabled.

**MEMORANDUM DECISION AND ORDER - 4**

## ISSUES FOR REVIEW

1. Whether the ALJ failed to identify a medical opinion to support the limitations in the RFC and therefore the RFC is not supported by substantial evidence.

2. Whether the ALJ provided clear and convincing reasons to discount Plaintiff's subjective symptom statements.

## STANDARD OF REVIEW

The Court must uphold an ALJ's decision, unless: 1) the decision is based on legal error, or 2) the decision is not supported by substantial evidence. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). It is more than a scintilla, but less than a preponderance of evidence. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).

In making its determination, the Court considers the administrative record as a whole, weighing both the evidence that supports and the evidence that does not support the ALJ's conclusion. *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014). The Court reviews only those issues raised by the party challenging the decision. *Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The Court considers only the reasoning and actual findings identified by the ALJ and may not affirm for a different reason or based on post hoc rationalizations attempting to infer what the ALJ may have concluded. *Garrison*, 759 F.3d at 1010; *Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1225-26 (9th Cir. 2009).

The Court cannot disturb the Commissioner's findings if they are supported by

substantial evidence, even though other evidence may exist that supports Plaintiff's claims. 42 U.S.C. § 405(g); *Flaten v. Sec'y Health & Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995). If the ALJ's decision is based on a rational interpretation of conflicting evidence, the Court must uphold the ALJ's finding. *Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008). The Court "may not substitute [its] judgment for that of the Commissioner." *Verduzco v. Apfel*, 188 F.3d 1087, 1089 (9th Cir. 1999).

## DISCUSSION

**1. The ALJ's RFC Determination Is Not Supported By Substantial Evidence In The Record.**

Plaintiff contends that the ALJ erred by finding all medical opinion evidence within the record to be unpersuasive and creating the limitations in the RFC without the support of a medical opinion. (Dkt. 10 at 6). Particularly, Plaintiff argues the ALJ was required to further develop the record by consulting a medical expert to evaluate the evidence. *Id*. Defendant maintains that the ALJ is capable of forming conclusions regarding medical evidence in the record, and therefore, the RFC is supported by substantial evidence. (Dkt. 12 at 4) (citing *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) and *Farlow v. Kijakazi*, 53 F.4th 485, 488 (9th Cir. 2022)).

An RFC is the most a claimant can do despite their limitations and is based upon all relevant evidence in the record, including medical records, medical source statements, and symptom testimony. 20 C.F.R. § 404.1545(a)(1)-(3); *Shafer v. Barnhart*, 120 F.

Appx. 688, 698 (9th Cir. 2005). It is the ALJ's responsibility to make the RFC assessment and to translate the medical evidence into the RFC. 20 C.F.R. § 404.1546(c); *Rounds v. Comm'r SSA*, 807 F.3d 996, 1006 (9th Cir. 2015) ("[T]he ALJ is responsible for translating and incorporating clinical findings into a succinct RFC."). Indeed, the ALJ's RFC determination need not mirror any particular provider's opinion. *See e.g., Petrini v. Berryhill*, 705 Fed. Appx. 511, 512 (9th Cir. 2017).

Defendant is correct that "ALJs are, at some level, capable of independently reviewing and forming conclusions about medical evidence to discharge their statutory duty to determine whether a claimant is disabled and cannot work." *Farlow v. Kijakazi*, 53 F.4th 485, 488 (9th Cir. 2022). However, an ALJ is not permitted to render their own medical opinions or independently assess clinical findings. *Tackett*, 180 F.3d at 1102-03 ("It is well-settled that an ALJ may not render [her] own medical opinion and is not empowered to independently assess clinical findings."); *Miller v. Astrue*, 695 F.Supp.2d 1042, 1048 (C.D. Cal. 2010) (concluding that an ALJ may not act as their own medical expert); *Padilla v. Astrue*, 541 F.Supp.2d 1102, 1106 (C.D. Cal. 2008) (concluding that the ALJ was not qualified to extrapolate functional limitations from raw medical data); *Banks v. Barnhart*, 434 F.Supp.2d 800, 805 (C.D. Cal. 2006) (citing *Rohan v. Chater*, 98 F.3d 966, 970 (7th Cir. 1996) ("[the ALJ] must not succumb to the temptation to play doctor and make [their] own independent medical findings.")). When there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence, the ALJ has a duty to develop the record irrespective of whether the claimant is

represented by counsel. *Ford v. Saul*, 950 F.3d 1141, 1156 (9th Cir. 2020) (quoting *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001)).

Here, the ALJ found the opinions of the state agency medical consultants to be unpersuasive because "they failed to provide an opinion with regard to the claimant's functional limitations and abilities." (AR 23). Both consultants opined that there was insufficient evidence in the case file to assess severity and limitations through Plaintiff's date last insured. (AR 56, 62). The ALJ also found the opinion of Dr. Silvana Bucur to be unpersuasive with regard to Plaintiff's functioning during the period at issue. (AR 23). Finally, the ALJ considered a citation in the record from 2017, which occurred after the period at issue, stating that Plaintiff was fully active and able to carry on all pre-disease performance without restriction. (AR 23, 705). The ALJ did not find that opinion to be "fully persuasive" because the evidence supports some limitations. (AR 23). Then, the ALJ determined that limitations beyond those set forth in the RFC were unsupported. (AR 23).

Again, the ALJ "may not rely on [her] own unsupported interpretation of the medical evidence." *Peter B. v. Comm'r, Soc. Sec. Admin.*, 2022 WL 3010162, at *3 (D. Or. July 28, 2022) (quoting *Davis v. Colvin*, 2016 WL 8674265, at *8 (D. Or. Aug. 12, 2016)); *see also Tackett*, 180 F.3d at 1103 (finding error where "[t]here is no medical evidence to support the ALJ's finding that [the claimant] could work through an eight-hour workday with breaks every two hours."). As such, the Court finds that the ALJ's RFC is not supported by substantial evidence. While the ALJ summarized the medical

**MEMORANDUM DECISION AND ORDER - 8**

evidence, it is not entirely clear how the ALJ then translated that evidence into an RFC. This is particularly concerning because the ALJ did not rely on any of the medical opinions, finding all medical opinions to be unpersuasive to some degree.

Ninth Circuit courts have found that "barring a few exceptions, an ALJ must have a doctor's opinion of a claimant's functional capacity in order for there to be substantial evidence supporting the decisions." *Bradford v. Comm'r of Soc. Sec. Admin.*, 2022 WL 4538569, at *5 (D. Ariz. Aug. 18, 2022); (quoting *Howell v. Kijakazi*, 2022 U.S. Dist. LEXIS 125714, 2022 WL 2759090, at *7 (S.D. Cal. July 14, 2022)); *Walker v. Comm'r of Soc. Sec.*, 2024 WL 64784, at *6 (D. Nev. Jan. 4, 2024) ("While the ALJ 'can pick and choose between opinions expressed by the experts,' when an ALJ decides severity or residual functional capacity 'without the support of any of the medical opinion evidence,' this is error.") (quoting *Holtan v. Kijakazi*, 2023 U.S. Dist. LEXIS 39538, 2023 WL 2424648, at *3 (D. Nev. Mar. 9, 2023)).

Additionally, the existence of ambiguous evidence triggers the ALJ's duty to "conduct an appropriate inquiry." *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996)). "The ALJ may discharge this duty in several ways, including: subpoenaing the claimant's physicians, submitting questions to the claimant's physicians, continuing the hearing, or keeping the record open after the hearing to allow supplementation of the record." *Id.* (citations omitted). The regulations additionally provide that the ALJ may order further consultative examinations to "resolve an inconsistency in the evidence or when the

**MEMORANDUM DECISION AND ORDER - 9**

evidence as a whole is insufficient to support a determination or decision." *See* 20 C.F.R. § 404.1519a. Further development of the record is required when the additional evidence needed is not contained in the record, or when highly technical or specialized medical evidence not available from the claimant's medical sources is needed. *See id*. Once the duty to further develop the record is triggered, failure to do so constitutes reversible error. *See Tonapetyan*, 242 F.3d at 1150-51.

    Here, Plaintiff's medical opinion evidence triggered the ALJ's duty to develop the record when she found all three opinions and a specific medical record to be unpersuasive with regard to Plaintiff's functioning during the period at issue. The ALJ was therefore required to obtain an additional or consultative medical opinion in order to allow for a proper evaluation of Plaintiff's physical capabilities after concluding that Plaintiff suffered from several severe impairments. The ALJ did not do so here. Thus, the record was absent any persuasive medical opinion concerning Plaintiff's functioning and the ALJ failed to develop the record, which is error.

    Rather, the ALJ relied on her own interpretation of the medical records in formulating the RFC. In doing so, the ALJ improperly acted as her own medical expert by assigning RFC limitations without any medical opinion of Plaintiff's physical functioning. *See e.g., Lorali N. T. v. Kijakazi*, 2023 WL 3548221, at *10 (D. Idaho May 18, 2023) (citing cases in the Ninth Circuit where courts routinely find error when an ALJ rejects all medical source opinions and formulates an RFC based on the ALJ's own interpretation of the medical record.). Because the ALJ failed to develop the record after

**MEMORANDUM DECISION AND ORDER - 10**

rejecting the medical physical opinions, there is no testimony from a medical expert to support the ALJ's RFC assessment. The Court is therefore unable conclude that the RFC was supported by substantial evidence. *See e.g., Diane K. v. Kijakazi*, 2022 WL 3213076, at *4-5 (D. Idaho Aug. 9, 2022).

This Court finds this was harmful error necessitating remand. *Rounds*, 807 F.3d at 1007 (ALJ error is harmless if it is "inconsequential to the ultimate nondisability determination."). While the ALJ assigned physical limitations restricting Plaintiff to light work with additional limitations, the RFC is still without supporting evidence. Had the ALJ included different limitations in the RFC based upon a proper review of the evidence and an adequate record, the ultimate disability determination may have been different.

2. Conclusion

The Court concludes the RFC determination is not supported by substantial evidence. Because the errors found herein were harmful, the Court will reverse the decision of the Commissioner.[3] Generally, when the Court reverses an ALJ's decision "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004). The decision whether to remand for further proceedings is within this Court's discretion. *Harman v. Apfel*, 211 F.3d 1172, 1175-78 (9th Cir. 2000) (as amended). In cases where

---

[3] Having found remand is warranted on this issue, the Court will not address Plaintiff's other argument. *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [plaintiff's] alternative ground for remand.").

**MEMORANDUM DECISION AND ORDER - 11**

further administrative review could remedy the Commissioner's errors, remand is appropriate. *McLeod v. Astrue*, 640 F.3d 881, 888 (9th Cir. 2011). A remand for further proceedings is appropriate where outstanding issues must be resolved before a determination of disability can be made and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated. *Bunnell v. Barnhart*, 336 F.3d 1112, 1115-16 (9th Cir. 2003).

Upon a careful review, the Court finds remand for further proceedings is appropriate here because further administrative review could remedy the ALJ's errors. Moreover, it is unclear whether Plaintiff is disabled. *Burrell v. Colvin*, 775 F.3d 1133, 1141 (9th Cir. 2014) (Remand is appropriate "when the record as a whole creates serious doubts as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act."). The issues concerning Plaintiff's alleged disability "should be resolved through further proceedings on an open record before a proper disability determination can be made by the ALJ in the first instance." *Brown-Hunter v. Colvin*, 806 F.3d 487, 496 (9th Cir. 2015); *see also Bunnell*, 336 F.3d at 1115-16.[4]

For these reasons, the Court will reverse and remand the ALJ's decision for further administrative proceedings. The ALJ should reassess the entire record in making the disability determination on remand. The parties may freely take up any issues relevant to resolving Plaintiff's claim of disability, before the ALJ.

---

[4] This is not to say that the disability determination will or should be different regarding the period at issue, only that the Court cannot determine that the outcome would remain the same upon a correct evaluation of the record.

**MEMORANDUM DECISION AND ORDER - 12**

**ORDER**

**NOW THEREFORE IT IS HEREBY ORDERED:**

1) The Complaint for Judicial Review (Dkt. 1) is **GRANTED**.

2) This action shall be **REMANDED** to the Commissioner for further proceedings consistent with this opinion.

3) This Remand shall be considered a "sentence four remand," consistent with 42 U.S.C. § 405(g) and *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002).

DATED: November 21, 2024

_____
Honorable Debora K. Grasham
United States Magistrate Judge